## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PETE TRUJILLO,**

       **Plaintiff,**

    **vs.**                                  **Civ. No. 14-370  MV/KK**

**RICK ROMERO, individually
and in his capacity as an officer
with the County of Taos Sheriff's
Department,**

       **Defendant.**

## ORDER GRANTING MOTION TO EXTEND
## EXPERT WITNESS DISCLOSURE DEADLINE

**THIS MATTER** is before the Court on Defendant's Motion to Extend Deadline for Expert Witness Disclosure ("Motion"), filed May 1, 2015. (Doc. 39.) Plaintiff filed his Response on May 5, 2015. (Doc. 40.) Defendant filed a Reply on May 12, 2015. (Doc. 42.) Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well taken and is **GRANTED**.

## Background

Plaintiff's Complaint alleges that Defendant Romero severely beat him following his arrest for negligent child abuse, aggravated assault on a household member, and aggravated battery on a household member. (Doc. 1 at ¶¶ 5, 8.) Specifically, Plaintiff alleges that upon his arrest, he was handcuffed and placed in the back seat of a patrol unit. (*Id*. at ¶ 6.) According to Plaintiff, because he suffers from a seizure disorder, he needed to stretch his legs. (*Id*. at ¶ 8.) Plaintiff claims that when he alerted the police officers regarding his need to stretch, Defendant Romero "opened the back door of the unit, and entered the unit, and severely beat the Plaintiff."

(*Id.*)   Plaintiff contends he required emergency medical services as a result of the injuries Defendant Romero caused.  (*Id*. at ¶ 12.)

## Procedural Background

Plaintiff filed his Complaint for Violation of Civil Rights on April 21, 2014, and alleged constitutional claims of unreasonable seizure and use of excessive force against Defendant Romero related to the alleged beating.  (Doc. 1.)  Defendant filed his Answer on June 18, 2014.  (Doc. 4.)  The Court held an Initial Scheduling Conference on August 26, 2014, and entered a Scheduling Order on the same date.    (Doc. 12.)  The case was assigned to a 180-day discovery track and the discovery deadline was set for February 24, 2015.  (*Id*.)  Defendant's expert witness disclosure was due by December 24, 2014.  (*Id*.)  The Court held a status conference on January 8, 2015, at which time the parties anticipated completing discovery by the discovery deadline.  (Doc. 22.)  However, on February 12, 2015, Defendant filed a Motion for Extension of Time to Complete Discovery and the discovery deadline was extended to April 7, 2015.  (Doc. 26.)  The expert witness deadlines were not extended at that time.  On April 3, 2015, Defendant filed a Motion to Extend Discovery for Limited Purposes seeking to extend the discovery motions deadline and to disclose an expert witness.  (Doc. 33 at 1-2.)  On April 24, 2014, the Court entered an order granting an extension of the discovery motions deadlines, but denying without prejudice Defendant's motion to extend his expert disclosure deadline.  (Doc. 36 at 6.)  Defendant was granted leave to seek an extension of his expert disclosure deadline upon a proper showing of good cause and excusable neglect.  (Doc. 36 at 6.)

## Motion to Extend Deadline for Expert Witness Disclosure

In the Motion presently before the Court, Defendant seeks to modify the scheduling order to extend the deadline for expert witness disclosure by thirty (30) days from entry of an order

authorizing expert disclosure.   (Doc. 39 at 10.)   As grounds, Defendant argues he has demonstrated good cause because (1) there is no trial setting; (2) there is no prejudice to Plaintiff; (3) he has proceeded diligently and methodically with discovery in this case, including propounding and responding to written discovery, disclosing thirty potential witnesses, and taking ten depositions; (4) the need for the expert witness did not become apparent until recently; and (5) the expert witness testimony will lead to relevant evidence.   (*Id.* at 1-2, 8-10.)   Defendant asserts that during their depositions, certain of Plaintiff's family members recanted statements they provided to law enforcement officers regarding underlying events at issue in this case.   (*Id* at 4.)   Defendant further asserts that it was only after Plaintiff's deposition on March 26, 2015, during which he was able to observe Plaintiff's demeanor and elicit testimony regarding both the underlying events and family member statements concerning the same, that he concluded an expert witness is required

> to provide the jury with insights regarding victims of domestic violence and their families and how they may act in relation to the perpetrator . . .  with whom they continue to reside after the immediate threat has abated.

(*Id.* at 7.)   Such an expert is needed, according to the Defendant, to explain the psychological and physical dynamics of domestic violence situations and the "victim's need for self-preservation, post-act minimization of the act of domestic violence, post-act realignment of interests, post-incident rejection of outside help and intervention, etc."   (*Id.* at 8.)

Plaintiff opposes the Motion.   Plaintiff argues that Defendant has failed to substantiate that Michelle Trujillo, Plaintiff's wife, disavowed her statement to law enforcement, but instead lumped the testimony of family members and "declared it all the same."   (Doc. 40 at 2.)   Plaintiff further argues that Defendant "cherry picked" Plaintiff's deposition testimony "to give the Court a false sense of what occurred and what was said."   (*Id.* at 3.)   Plaintiff contends that his

deposition testimony was neither violent nor threatening, and that he has not threatened or attempted to influence the testimony of his family.  (*Id.* at 3-5, 6.)  Finally, Plaintiff contends that the Court should deny Defendant's Motion because it is untimely.  (*Id.* at 6-7.)

## Legal Standard

### Modifying a Scheduling Order

A court may modify a scheduling order upon a showing of "good cause."  Fed. R. Civ. P. 16(b)(4); D.N.M.LR-Civ. 16.1.  "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) (citations omitted).   "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts  . . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'"  *Lehman Bros. Holdings v. Universal Amer. Mtg. Co.,* 300 F.R.D. 678, 681 (D. Colo. 2014).

Ultimately, the decision to modify a scheduling order is committed to the trial court's discretion.  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted).   When exercising its discretion, courts in the Tenth Circuit have considered a combination of the following six factors in making this determination:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*  While "the [scheduling order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'"  *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

4

<u>Extending Deadlines Out of Time</u>

Federal Rule of Civil Procedure 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect" has been defined as "inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  *Panis v. Mission Hills Bank*, *N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (internal quotations and citations omitted).  "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."  *Quigley v. Rosenthal*, 427 F.3d 1323, 1238 (10th Cir. 2005).  "[T]he determination whether a party's neglect is excusable 'is at the bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Investment Services Co., v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)).  Such circumstances include

> [1]  the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id*.

## <u>Analysis</u>

The Court finds that Defendant has demonstrated good cause for modifying the scheduling order.  Defendant seeks to modify the scheduling order to extend his deadline for disclosing an expert witness.  The Court finds that the factors articulated in *Smith* weigh in favor of granting the Motion.  First, there is no trial setting in this case.  Second, there is no evidence that the extension will prejudice Plaintiff.  Plaintiff can choose to depose Defendant's expert

witness and/or designate a rebuttal expert witness within 30 days after Defendant's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). Third, Defendant has demonstrated his diligence in obtaining discovery within the guidelines established by the Court, and sufficiently explained why the need for expert witness testimony was not foreseeable until after taking Plaintiff's deposition. (Doc. 39 at 9.). Finally, Defendant's arguments regarding the relevance of the information at issue are persuasive. The scope of discovery allows Defendant to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Further, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* For all of these reasons, Defendant has shown good cause for modifying the scheduling order.

Taking account of the relevant circumstances, the Court also finds that Defendant's neglect to timely disclose an expert witness is excusable.[1] First, as previously stated, there is no evidence of prejudice to Plaintiff. Plaintiff will have an opportunity to depose Defendant's expert witness and to disclose a rebuttal expert, if he chooses to do so. Second, Defendant initially alerted the Court and Plaintiff about seeking an expert witness *before* discovery ended. (Doc. 33 at 1-2.) Further, there is no trial setting. Thus, the delay in disclosing an expert witness has little impact on the judicial proceedings here. Third, Defendant has sufficiently explained to the Court the reason for the delay. Fourth, there is no evidence that Defendant acted in bad faith. For these reasons, Defendant has demonstrated excusable neglect for disclosing an expert witness out of time.

---

[1] Defendant states he "believes he has demonstrated good cause, rather than excusable neglect within the meaning of Fed. R. Civ. P. 6(b)(1)(B), since he does not believe, under the circumstances of the case, that he was neglectful." (Doc. 39 at 8.) However, because the time has expired for disclosing an expert witness, the Court must determine whether Defendant has demonstrated excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

**Conclusion**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Extend Deadline for Expert Witness Disclosure (Doc. 39) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant will have thirty (30) days from entry of this Order to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and disclose his expert witness for the limited purpose stated herein.

_____

**KIRTAN KHALSA**
**United States Magistrate Judge**